**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Joshua Johnson (Y-60831), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25 C 8925 |
| v. | ) | |
| | ) | Hon. Georgia N. Alexakis |
| Robert Daniel, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons set forth below, Defendant's motion to dismiss [30] is denied. Defendant is directed to answer the amended complaint by 9/30/2026. The Court sets an initial status hearing for 10/20/2026 at 9:30 a.m. in Courtroom 1719. The status hearing will take place telephonically. The dial-in number is 650-479-3207, and the access code is 2318 941 4787. By 10/13/2026, the parties shall file a Joint Initial Status Report that complies with the Court's standing orders, which can be found on the Court's website. Plaintiff must participate in the preparation of the status report and attend the telephonic hearing. Plaintiff is warned that failure to participate in the case going forward and to comply with these directives will result in dismissal of this case with prejudice for want of prosecution. The Clerk is directed to send Plaintiff a copy of this order.

**STATEMENT**

Plaintiff Joshua Johnson, a prisoner at Western Illinois Correctional Center, brings this *pro se* civil rights complaint, 42 U.S.C. § 1983, stemming from an Aug. 6, 2023, incident in which he was attacked by other inmates at the Cook County Jail. Now before the Court is Defendant's motion to dismiss. Plaintiff has not responded to the motion, despite having been given an opportunity to do so. (*See* Dkt. No. 32.)

Plaintiff alleges in his amended complaint that Deputy Sheriff Robert Daniel failed to protect him from an attack by other inmates at the Cook County Jail on Aug. 6, 2023,[1] in which he suffered facial injuries. (Pl.'s Am. Compl., Dkt. No. 26, at pgs. 4-6.) Plaintiff attempted to file grievances about this incident on Aug. 7, 2023, and Aug. 29, 2023, but did not receive copies of either. (*Id.* at pg. 7.) Plaintiff further alleges that Deputy Sheriff Daniel told him on Aug. 21, 2023, to stop filing grievances or what happened to him would happen again. (*Id.*) Plaintiff nonetheless filed a third grievance, but it was returned as untimely. (*Id.*)

Defendant moves to dismiss the amended complaint as time-barred. Plaintiff's original

[1] Plaintiff's amended complaint does not specify the year, but the original pleading states that the incident occurred on Aug. 6, 2023. (*See* Pl.'s Compl., Dkt. No. 1, at pg. 1.)

complaint was received by the Court on July 29, 2025.[2] In a screening order issued on Sept. 2, 2025, the Court allowed Plaintiff to proceed against Sheriff Thomas Dart as a nominal Defendant for the purpose of identifying the officer or officers who allegedly failed to protect him and threatened him with further violence if he continued to file grievances. (Dkt. No. 6.) Plaintiff identified that officer as Deputy Sheriff Daniel in an amended complaint received by the Court Feb. 23, 2026 (and postmarked Feb. 13, 2026). (Dkt. No. 22.)

Defendant argues that Plaintiff's claims against him are barred by the two-year statute of limitations for Section 1983 claims in Illinois because Plaintiff's claims accrued on Aug. 6, 2023,[3] but Plaintiff did not name him as a Defendant until filing his amended complaint in February 2026. Defendant contends that the amended complaint does not relate back to the original, timely filed, complaint under Fed. R. Civ. P. 15(c)(1)(C) because naming a John Doe Defendant is not a mistake as contemplated by the rule.

The Court begins by observing that its screening order pursuant to 28 U.S.C. § 1915A employed the same standard that applies to Rule 12(b) motions to dismiss. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Further, the Court is obligated to liberally construe *pro se* complaints, "holding them to a less stringent standard than pleadings drafted by lawyers." *Id.* Additionally, the Court may not grant a motion to dismiss solely because it is unopposed. *Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021).

Rule 12(b)(6) motions generally test the sufficiency of the complaint, not its timeliness. *United States v. N. Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (citing Fed. R. Civ. P. 8(c)). A plaintiff ordinarily need not attempt to plead around an affirmative defense, including the statute of limitations. *See id.* (dismissal of a complaint under Rule 12(b)(6) as time-barred is "irregular" because "[r]esolving defenses comes after the complaint stage"). Still, the statute of limitations may be raised on a motion to dismiss if the complaint's allegations make it clear that the claim is untimely. *Logan v. Wilkins*, 644 F.3d 577, 582–83 (7th Cir. 2011).

Section 1983 claims in Illinois are governed by a two-year statute of limitations. *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) (citing 735 Ill. Comp. Stat. 5/13-202). Importantly here, that limitations period is tolled while a prisoner exhausts available administrative remedies. *Johnson v. Rivera,* 272 F.3d 519, 522 (7th Cir. 2001).

As an initial matter, Defendant is correct that relation-back under Fed. R. Civ. P. 15(c)(1)(C) does not apply in this instance. That rule allows for an amended complaint to relate back to a prior, timely filed complaint if certain conditions are satisfied, including that the Defendant "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). The

[2] The envelope containing the original complaint was postmarked July 24, 2025, which the Court will consider the filing date under the prisoner mailbox rule in the absence of any evidence of a certificate of service indicating when the document was placed in the prison mail system. *Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015); *Harris v. Schaller*, 830 F. App'x 787, 788 (7th Cir. 2020) (unpublished).

[3] The Court observes that this proposed accrual date does not take into account Plaintiff's allegation that Deputy Sheriff Daniel threatened him on Aug. 21, 2023, that Plaintiff would be attacked again if he did not stop filing grievances.

Seventh Circuit has held that the naming of a John Doe Defendant is not a "mistake" as contemplated by that rule. *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021). This means that a Plaintiff who uses a John Doe Defendant as a placeholder "must take account of the clock: substitution must be completed before the statute of limitations expires." *Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022).

In circumstances in which the statute of limitations runs prior to the naming of the John Doe Defendant, the Court must consider whether tolling applies. *See Herrera*, 8 F.4th at 499. Equitable tolling extends the statute of limitations "'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" *Id.* (quoting *Xanthopoulos v. United States Dep't of Lab.*, 991 F.3d 823, 831 (7th Cir. 2021)).

Defendant argues that equitable tolling does not apply here because Plaintiff did not take steps to identify him by issuing interrogatories to defense counsel until Nov. 7, 2025, three months after Defendant contends the statute of limitations lapsed. Plaintiff sent additional interrogatories on Dec. 9, 2025, and counsel responded to the interrogatories on Jan. 21, 2026. As noted above, Plaintiff filed his amended complaint on Feb. 13, 2026.

While Plaintiff did not respond to the motion, the Court observes that Defendant's motion does not account for tolling that Plaintiff may be entitled to while he exhausted his administrative remedies. The Seventh Circuit recently considered this issue in *Fulgham v. Admire*, No. 23-2986, 2025 WL 1511099 (7th Cir. May 28, 2025) (unreported), in which the appeals court reversed a grant of a motion to dismiss on timeliness grounds where the prisoner plaintiff contended that officials failed to respond to his attempts to exhaust his administrative remedies. The plaintiff argued that his time to file suit did not start until he could exhaust his remedies, but no remedies were available. *Id.* at *2. The Seventh Circuit agreed that dismissal was inappropriate pending further factual development as to the availability of remedies and any tolling that may apply. *See id.*; *see also Harmon v. Jordan*, No. 12-cv-0021, 2013 WL 4410995, at *3 (S.D. Ill. Aug. 15, 2013) ("The tolling of a prisoner's statute of limitations is a well-established legal principle that should be accounted for every time an institutional defendant raises a statute of limitations defense ….").

The same is true in the instant case. While Plaintiff did himself no favors by waiting until July 2025 to file this lawsuit, the Court cannot determine on this record how much, if any, tolling Plaintiff may be entitled to during the period in which he exhausted, or attempted to exhaust, his administrative remedies. Defendant's motion is therefore denied, but Defendant may raise this argument on a more developed record.

Plaintiff is warned that failure to participate in the case going forward will result in dismissal of this case with prejudice for want of prosecution. *See* Fed. R. Civ. P. 41(b); *Thomas v. Wardell*, 951 F.3d 854, 862 (7th Cir. 2020) ("District courts generally have broad authority to dismiss a case for failure to prosecute, and this includes failure to comply with valid orders.").

The Clerk is directed to send Plaintiff a copy of this order.

Date: 9/9/2026

/s/ Georgia N. Alexakis
Georgia N. Alexakis
United States District Judge